**UNITED STATES of America**

v.

**Joan BEYER et al.**

**Appeal of Joan BEYER, Appellant.**

**No. 71–1696.**

United States Court of Appeals, Third Circuit.

Submitted Dec. 2, 1971.

Decided Dec. 17, 1971.

Edwin C. Schnitzer, Newark, N. J., for appellant.

John P. Croake, Asst. U. S. Atty., Newark, N. J. (Herbert J. Stern, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before SEITZ, Chief Judge, and KALODNER and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal of a judgment of conviction entered by the district court for the sale, transfer and delivery of 12 counterfeit Federal Reserve notes in violation of § 473 of Title 18. Appellant was indicted with two co-defendants, Trueba and Tedesco, on three counts.

Count 1 charged all three with conspiring over a specified period knowingly to sell, transfer, and deliver counterfeit federal currency. 18 U.S.C. § 371. Count 2, under which appellant ultimately was convicted, charged her and Trueba with the violation of § 473. The third count, which named Trueba and Tedesco only, charged possession of counterfeit currency with the intent to defraud. 18 U.S.C. § 472.

Defendant Trueba died prior to trial. Consequently only appellant and Tedesco were tried. Count 1 of the indictment was dismissed by the trial court at the close of the Government's case. The court found that since the Government had proved two distinct conspiracies, one between appellant and Trueba and one between Trueba and Tedesco, appellant's rights were best protected by dismissing the conspiracy count altogether. *See* Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). At the close of all the evidence Count 3 also was dismissed. This dismissal resulted from the court's finding that the evidence concerning this count was insufficient as to defendant Tedesco. Thus, only Count 2 remained for the jury to consider and appellant was found guilty thereunder.

Appellant contends that "[t]he trial court's failure to dismiss count two of the indictment . . . after . . . dismissal of the conspiracy charge, and [count three], deprived appellant of a trial by a fair and impartial jury, because of the prejudicial testimony heard by the jury and not excluded by the trial court." We cannot agree. Despite the court's finding that two distinct conspiracies were proven, it was not required to dismiss Count 1. *See* Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *cf.* United States v. Barrow, 363 F.2d 62 (3d Cir.), cert. denied 385 U.S. 1001, 87 S.Ct. 703, 17 L.Ed.2d 541 (1966). The court exercised its discretion solely to protect appellant from potential prejudice. This same caution was again exhibited by the carefully phrased instruc-

**250**

tion limiting the jury's consideration of the evidence in determining appellant's guilt or innocence under Count 2. *Cf.* United States v. Pappas (Mischlish), 445 F.2d 1194 (3d Cir. 1971). *See also* United States v. Barrow, *supra*, 363 F. 2d at 67–68.

Typically, conspiracy prosecutions involve numerous defendants, a multitude of factual issues and extensive and ofttimes confusing evidence. *See, e. g.,* Kotteakos v. United States, *supra;* United States v. Varelli, 407 F.2d 735 (7th Cir. 1969); United States v. Branker, 395 F.2d 881 (2d Cir.), cert. denied Lacey v. United States, 393 U.S. 1029, 89 S.Ct. 639, 21 L.Ed.2d 573 (1968). Here, however, appellant was one of only two defendants and the issues and evidence before the jury were not unduly confusing. *Cf.* United States v. Pappas (Mischlish), *supra.* In view of the definitive limiting instruction given by the court, we therefore conclude that appellant was accorded the right of a fair trial and an impartial jury.

The judgment of the district court will be affirmed.